TABERNA CAPITAL MANAGEMENT, LLC, Plaintiff,

v.

Sidney B. DUNMORE, Michael A. Kane, and DHI Development f/k/a Dunmore Homes, LLC, Defendants.

No. 08 Civ. 1817(JSR).

United States District Court, S.D. New York.

Aug. 26, 2008.

Kenneth Gary Roberts, Wolf Block Schorr and Solis-Cohen, LLP(NYC), New York, NY, for Taberna Capital Management, L.L.C.

Beth Ann R. Young, David L. Neale, Michelle S. Grimberg, Levene, Neale, Bender, Rankin & Brill L.L.P., Los Angeles, CA, Michael A. Kane, Diepenbrock Harrison, Sacramento, CA, Stephen Wag-

ner, Cohen Tauber Spievack & Wagner, L.L.P. New York, NY, for Sidney B. Dunmore.

### MEMORANDUM ORDER

JED S. RAKOFF, District Judge.

Pursuant to the Memorandum Order dated July 14, 2008 and the Order dated July 25, 2008, the Court has received a response to its Memorandum Order from Bankruptcy Trustee Thomas A. Aceituno and comments on the Trustee's response from the parties. These submissions raise only two issues that necessitate discussion beyond that already contained in the Court's July 14, 2008 Memorandum Order.

First, the Trustee suggests that, to the extent that any of the claims of plaintiff Taberna Capital Management ("Taberna") are properly asserted by the Trustee, Taberna does not have standing to pursue them. Standing, however, "is measured as of the time the suit is brought." *Comer v. Cisneros*, 37 F.3d 775, 791 (2d Cir.1994) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569 n. 4, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)); *see also Hargrave v. Vermont*, 340 F.3d 27, 34 n. 7 (2d Cir.2003). Taberna has standing based on the allegations set forth on the face of the complaint,[1] and the bankruptcy proceeding at issue here commenced only after Taberna had already filed suit. Accordingly, Taberna has standing.

The Trustee also takes the position that the automatic stay applies to those claims asserted by Taberna that are properly asserted by the Trustee and that any action of this Court that is taken in violation of the automatic stay may be void. The Trustee, however, has not taken any official action to raise the issue of the automatic stay and has admitted that he is not yet pursuing any of the claims that Taberna asserts in this Court. Further, the individual defendants do not have standing to raise the issue of the automatic stay. *See* Memorandum Order, 7/14/08. Accordingly, Taberna can continue to pursue its claims in this Court regardless of the automatic stay. Naturally Taberna, in pursuing its claims in this forum, assumes the risk that any judgment in its favor may be challenged collaterally, by an appropriate party, as violative of the automatic stay and therefore void.

Accordingly, for the reasons stated above and in the Memorandum Order of July 14, 2008, the individual defendants' motions to dismiss are denied. The stay of discovery previously granted by the Court is lifted, and counsel for Taberna and the individual defendants are directed to jointly prepare and submit to the Court by no later than September 2, 2008 a new proposed case management plan in the Court's Form D that will conclude all discovery and post-discovery motion practice by no later than March 2, 2009, on which date, at 4 p.m., oral argument on any post-discovery motion, as well as a final pretrial conference, will be held. The Clerk of the Court is directed to close documents number 35 and 37 in the Court's docket.

SO ORDERED.

---

1. Indeed, neither individual defendant has even suggested otherwise.